IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-60,666-02






EX PARTE LLOYD D. HORTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 87-0013

IN THE 71ST JUDICIAL DISTRICT COURT

FROM HARRISON COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of burglary of a habitation, and punishment was assessed at confinement for
twenty years. No direct appeal was taken. 

 Applicant contends that he has not received credit for time he was confined in
Oklahoma from October 11, 1996, to May 28, 1997, pursuant to a parole violator warrant in
this cause.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed. Because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from both the criminal institutions and the parole divisions of
the Texas Department of Criminal Justice, or it may order a hearing. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to what credit Applicant has been given for time he was confined on parole violator
warrants from 1996 to 1997, and what dates, if any, Applicant was confined in Oklahoma in
1996 and 1997 pursuant to a parole violator warrant in this cause. The trial court should also
determine if the parole violator warrant was later withdrawn, and if so, the date on which it
was withdrawn. The trial court should also make any further findings of fact and conclusions
of law it deems relevant and appropriate to the disposition of the application for writ of
habeas corpus.


 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14 DAY OF December, 2005.





DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.